**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RBS EXCAVATING, INC.,** and **RONALD RENSING,** )<br>)<br>) | |
| Plaintiffs,             ) | |
| )<br>vs.                                       ) | Case No. 05-cv-0631-MJR |
| )<br>**HBD CONTRACTING, INC.,**    ) | |
| )<br>Defendant.         ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

On October 6, 2005, having obtained a Clerk's entry of default against Defendant HBD, Plaintiffs moved for default judgment under **FEDERAL RULE OF CIVIL PROCEDURE 55(b).** One week later, before the Court took any action on the motion for default judgment, HBD moved to set aside the "default judgment." The Court construed HBD's motion as a motion to set aside the Clerk's *entry of default* (no default judgment had been entered) and directed Plaintiffs to respond. Plaintiffs did so on October 28th, and the Court now rules on HBD's motion to set aside (Doc. 8).

**FEDERAL RULE OF CIVIL PROCEDURE 55(c)** authorizes a District Court, for good cause shown, to set aside an entry of default or a default judgment. To merit relief under Rule 55(c), a defendant must show not only good cause for the default, but also quick action to correct the default and a meritorious defense to the complaint. *Robinson Engineering Co. Pension Plan and Trust v. George*, **223 F.3d 445, 453 (7th Cir. 2000).** The test applies to entries of default and default judgments alike, but the test is applied more stringently if judgment has been entered. *U.S. v. Di Mucci*, **879 F.2d 1488, 1495 (7th Cir. 1989).**

In the case at bar, HBD took quick action to correct the default and may have a meritorious defense to the underlying complaint. The problem lies with HBD demonstrating good cause for the default.

The reason tendered for missing the deadline is straightforward – HBD, accustomed to litigation in Missouri state courts, "assumed" it had 30 days (not 20 days) to respond to the complaint. However, as Plaintiffs' counsel points out in his response to the motion to set aside, the summons itself noted the 20-day answer deadline:

> YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY [Greg Roosevelt's name and address] an answer to the complaint..., within __20__ days after service of this summons on you, exclusive of date of service. If you fail to do so, judgment by default will bet taken against you for the relief demanded in the complaint.

Exhibit A to Doc. 8. If HBD simply read the summons, that would have corrected any erroneous assumption regarding the answer due-date.

HBD's counsel emphasizes that (a) his firm was not contacted until October 11, 2005 (five days *after* the Court had entered the default against HBD), and (b) HBD's inaction *prior* to retaining counsel was the result of excusable neglect or mistake regarding the answer deadline. But the law of this Circuit holds, as a general rule, that "neither ignorance nor carelessness on the part of *the litigant* or his attorney" constitutes good cause to set aside default. ***North Central Illinois Laborers' District Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 167 (7th Cir. 1988)(emphasis in original).** In *North Central*, the Seventh Circuit affirmed the District Court's refusal to set aside a default judgment, rejecting an argument that Defendant's failure to take timely action was due to mistake or excusable neglect on the part of overburdened in-house counsel.

Stated another way – neither inadvertence nor ignorance of an applicable deadline, unfamiliarity with the rules, or an erroneous belief as to the need to file an answer rises to the level of good cause for default.  *Norgaard v. DePuy Orthopaedics, Inc.*, **121 F.3d 1074, 1075 (7th Cir. 1997)**; *Prizevoits v. Indiana Bell Telephone Co.*, **76 F.3d 132, 133 (7th Cir. 1996).**  Nor does lack of an attorney (HBD apparently had no counsel when the Clerk entered the default herein).

In *Jones v. Phipps*, **37 F.3d 158, 163 (7th Cir. 1994)**, the Seventh Circuit explained:

> Although civil litigants who represents themselves ... benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, ... pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.

The Seventh Circuit reiterated this conclusion in an unpublished 2002 case which relied on (and collected the holdings of) *Prizevoits*, *Jones v. Phipps,* and the Supreme Court case of *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* **507 U.S. 380, 389 (1993)**:

> inadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of excusable neglect....  Here, Noren's excuse is that she did not understand her obligation to either timely file an answer ... or to assert a defense by motion authorized under Federal Rule of Civil Procedure 12.  But Noren's inability or refusal to read and follow the Federal Rules' plain language certainly does not rise to the level of excusable neglect....  That standard is reserved for miscarriages of justice caused, for instance, by a judicial officer's misrepresentations, lost mail, or plausible misinterpretations of ambiguous rules....  This is true even for litigants like Noren who appear pro se.

*Casio Computer Co., Ltd. v. Noren*, **35 Fed. Appx. 250 (7th Cir. 2002).**

Additionally, in *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, **28 F.3d 42, 46 (7th Cir. 1994),** the Seventh Circuit noted: "We have long since moved away from the position of disfavoring default judgment...."  *Id.*, **28 F.3d at 47.**

In the instant case, HBD has not demonstrated good cause for the default. As the record before this Court reveals, the summons clearly stated the 20-day answer deadline, and HBD had known of this imminent litigation (and been in communication with Plaintiffs' counsel) for at least six months prior to receiving the summons. Accordingly, the Court **DENIES** HBD's motion to set aside the entry of default (Doc. 8).

Plaintiffs' motion for default judgment (Doc. 6) remains pending. The Court now **SETS A HEARING** on that motion, at which Plaintiffs' counsel shall appear and present evidence supporting his request that the Court enter judgment in Plaintiffs' favor for $82, 913.50. The hearing shall take place at **2:00 p.m. on Tuesday, November 22, 2005.**

**IT IS SO ORDERED.**

**DATED this 2nd day of November, 2005.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Court**